(161 App. Div. 397)

### EWING v. FARLEY.

(Supreme Court, Appellate Division, Third Department. March 13, 1914.)

NEGLIGENCE (§ 136*) — CONDITION OF PREMISES — ACTIONS — QUESTIONS FOR JURY.

Where a doorway in defendant's store, close to a settee used by customers in trying on shoes, and leading to a stairway with an immediate fall from the doorway, was covered by a curtain, and not otherwise guarded, it was a question for the jury whether defendant was negligent, and whether a customer, whose two year old child fell down the stairway, was negligent in letting go of the child's hand for a moment while she examined a pair of shoes.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. § 136.*]

Smith, P. J., dissenting.

Appeal from Trial Term, Rensselaer County.

Action by E. Dakin Ewing, an infant, against James H. Farley. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Shaw, Bailey & Murphy, of Troy (H. D. Bailey, of Troy, of counsel), for appellant.

John F. & William H. Murray, of Troy, for respondent.

WOODWARD, J. The plaintiff is an infant, and, at the time of the accident for which he seeks recovery, was something over two years of age. In company with his mother and grandmother he visited the defendant's store, in the city of Troy. The store is one devoted to a miscellaneous retail line of goods, including shoes, and the grandmother was there for the purpose of purchasing shoes, and the plaintiff's mother accompanied her to advise in the purchase, the child accompanying them. The plaintiff was led by the hand, and at a point in the store the party stopped to look at the shoes. A clerk handed one of a pair of shoes to the grandmother and the other to the plaintiff's mother, who had her other hand full of parcels. She released her hold on the child's hand, and started to examine the shoe which had been handed her, and while so engaged she heard the plaintiff scream, and, running to a curtain-covered opening in the wall, immediately adjacent to a settee which was used by the customers in trying on shoes, resting, etc., she found that the opening led to a stairway which reached the cellar some distance below, and that the child had fallen to the bottom of these stairs. She gathered the plaintiff up and brought him to the store, and it developed that he had sustained two fractures of the leg. It appears from the evidence that this doorway opened onto a flight of stairs with an immediate fall from the doorway, and there was no barrier or obstruction, with the exception of a loose cloth curtain, and this opening was immediately in the presence of the place where customers were in the habit of coming for their

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

shoes. The evidence is that a person sitting upon the settee could reach out and touch this curtain, and the negligence relied upon is the fact of maintaining this unguarded pitfall in its close relation to the point where customers were invited to come upon the defendant's business, and without giving any warning.

The case, we believe, was properly sent to the jury. There was evidence that a previous manager of the store had recognized the danger, and had caused this opening to be barricaded, and it seems clear to us that a reasonable degree of care on the part of the manager of a retail store would have suggested the very danger which the accident has brought conspicuously to our attention. Persons trading at a retail store must, in the nature of things, be accompanied more or less by children of immature years, and it certainly is not negligence, as a matter of law, for a mother to let loose of the hand of her child for a moment in a store of this character; she has a right to presume that there are no hidden traps—no dangers not obvious to the sight. Nothing could be more natural than that a child of the inquiring age of two years should be attracted by the curtain and peer behind it, or that in its immaturity it should stumble and fall, and there was nothing to guard against just such a fall as came to the plaintiff. The defendant offered no testimony, but relied wholly upon his theory that the plaintiff had failed to establish a cause of action. The learned trial court reduced the verdict of $1,000 to $600, which the plaintiff has stipulated to accept, and we are of the opinion that the judgment ought not to be disturbed.

It is very likely that if a mature man had fallen through this trap-door a different question would have been presented, and yet it is not at all certain that there might not be circumstances which would permit a recovery even in such a case. Merchants inviting people into their stores are bound to use reasonable care to protect them against injury, and it might be fairly questioned, and reasonable men might fairly disagree upon the question of, whether the maintaining of a curtain over a dangerous flight of stairs, obscuring it from view and affording no barrier, was in harmony with this obligation. It would seem to be upon substantially the same ground as that of one maintaining an open trench so near to a sidewalk as to endanger persons passing in the darkness, and cases of that general character, and we believe the jury very properly found the defendant liable for the injuries resulting to this plaintiff.

The judgment and order appealed from should be affirmed, with costs. All concur, except

SMITH, P. J. (dissenting). Plaintiff is a child three years old non sui juris. She was in the shoe store of the defendant with her mother. While the attention of her mother was diverted in looking at some shoes she strayed away from her mother and fell down a stairway leading out of the room, and which was protected only by a curtain. This stairway was not used by the customers of the store, and was at the end of a passageway, which passageway was apparently used only by the clerks, who had full knowledge of the situation. The construc-

tion was not in any way negligent in failing to guard against the acts of any one sui juris. The defendant has been charged with damages for negligence in failing to guard against the wanderings of a three year old child, whom the mother allowed to stray away from her while she was looking at shoes. In my judgment this imposed a duty upon a storekeeper far beyond the requirement of the law, and I recommend that the judgment and order be reversed, and complaint dismissed, with costs.